Learned, P. J.
The defendant urges that plaintiff should have been non-suited on the ground that there was no evidence of negligence.
In Webb v. R. W. and O. R. R. Co. (49 N. Y., 429), an action of similar character, it was pointed out that the negligent act consisted not merely in the suffering coals to fall from the engine; that it was made up of all the circumstances, such as, among others, the dryness of the atmosphere, of the earth and its herbage, and the accumulation of weeds grass and rubbish by the side of defendant’s track.
Now, in the present case there are similar facts. There were old ties piled up on the lands of the railroad, and brush and briars, cut brush and old bark. And there had been quite a severe drought for the time of year, May. The wind was blowing hard, and there was some evidence that sparks ecas large as walnuts, chunks and cinders,” came from the smokestack. The defendants claim that no engine can be made which will not throw sparks. If this be so, it may impose the greater care upon the company to clear up and keep from their track dry and combustible material. Certainly they ought hot unnecessarily to pile up such materials where sparks would probably fall upon them. In the view of the case above cited, we think the non-suit was properly refused.
The next point of the defendant is the exclusion of a question to Charles J. O’Neill, as to endeavoring to obtain a settlement of the case. We think there was no error in this.
The next is in regard to a question about the cutting of the wood. The plaintiff’s woods had been burned. The *148 plaintiff had shown the consequent diminution in value of her farm. The defendant on cross-examination had shown the value of the wood in the tree after the fire, in order to reduce the damages. The plaintiff showed that it was impossible for her to cut the wood in the spring after the fire, because she did not have the necessary money. To this evidence the defendant objected. We think it was proper. The plaintiff’s property had been injured by defendant’s negligence. It was undoubtedly plaintiff’s duty to take reasonable care that the loss should not be made greater than necessary. But what the plaintiff could do in this respect depended on circumstances. She could not be called upon, in the lack of pecuniary means, to cut down, in the spring time, this burned wood, in order to diminish defendant’s liability. She was the owner of a farm and would naturally nave other work to attend to. It was proper to explain why she could not attend to this work for the defendant’s benefit. If the defendants had desired to reduce the damages which they had caused, they might have offered to cut and dispose of the wood themselves for the plaintiff’s benefit.
Nor do we think that there was error in permitting Rex-ford and Murphy to testify to the value of the farm. They were neighboring farmers and knew the value of land.
The defendants further except to what is spoken of in the judge’s charge as the third question, and to the submission of the matter therein discussed to the jury.
That question was this: Assuming the engine to be in perfect order -and the spark arrester as good as could be demanded, but that notwithstanding this, there are occasions when sparks will be emitted; then the question is whether the company is, or is not, negligent in placing on its land material which is inflammable and combustible, and so near the track that it would be apt to take fire from the sparks of the engine.
The judge did not charge that these acts were necesarily negligent, but he left it to the jury to say whether or not the defendants in this case were negligent.
Now, while it is a lawful act to run a locomotive engine and to use fire to produce steam therein, yet it is undoubtedly the duty of the company to use such appliances as are in ordinary known use to prevent the escape of sparks. That is they are to be careful in their use of this dangerous, element, lest they cause damage to others. Now if they are to be careful in the construction and the use of their locomotives, why should they not be careful in other respects which may tend to cause similar damage % If sparks, in spite of the best construction, will escape, why should the company not take reasonable care as to the material on their *149 land upon which the sparks will probably fall. They ought not to place combustible material unnecessarily along their track, so that the sparks, which they assume to be inevitable, will fall thereon and tend to produce a fire that may injure the adjoining neighbor. To pile up old ties and dry brush on their land where sparks will probably fall, may certainly be considered by a jury to be an act of negligence. There may be little danger from the fall of sparks on the ballast of the road, or even on the adjacent grass, while there may be great danger from a fall of such sparks upon a pile of dry brush and old ties. And to place such a pile where sparks would ordinarily fall upon it may be considered evidence of negligence.
We think the judgment and order should be affirmed, with costs.
Bocees and Landon, JJ., concur.